UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIE KITHIMA (A-Number: 221-493-511),

Petitioner,

v.

SERGIO ALBARRAN, *et al.*,

Respondents.

Case No.  1:26-cv-1659-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Julie Kithima entered the United States in 2016 on a tourist visa—which expired in 2017—and she was detained by ICE in 2026.  Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  Respondents move to dismiss her petition on the basis that she has not exhausted her administrative remedies.  For the following reasons, I recommend that respondents' motion be granted and that the petition be dismissed.

**Background**

In December 2016, petitioner entered the United States on a tourist visa.  ECF No. 7-2 at 3.  After her visa expired in July 2017, petitioner remained in the United States.  *Id*.  Later in 2017, petitioner filed applications for permanent residency and work authorization, both of which were denied.  *Id*.  In 2024, petitioner was arrested for forgery, unlawful possession of an ID, and providing false information to a police officer; all charges were subsequently dismissed.  *Id*.

1

On January 7, 2026, petitioner was detained by ICE. *Id.* On February 11, 2026, petitioner was afforded a bond hearing, where the immigration judge ("IJ") denied her bond based on the finding that petitioner "is a danger to the community" and "a significant flight risk such that no bond amount would be appropriate." ECF No. 7-3 at 2. Petitioner did not appeal the IJ's order to the Board of Immigration Appeals ("BIA"). *See* ECF No. 10.

**Procedural History**

On February 27, 2026, petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order. ECF Nos. 1 & 4. On March 3, 2026, respondents filed a motion to dismiss the petition. ECF No. 7. Thereafter, the court denied petitioner's motion for temporary restraining order and referred the matter to me for further proceedings. *See* ECF No. 8; Local Rule 302(c)(17). On March 19, 2026, petitioner filed an opposition to respondents' motion to dismiss. ECF No. 10. The matter is submitted. *See* ECF No. 9.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Both parties agree that petitioner's detention is governed by section 1226. *See* ECF No. 4 at 7; ECF No. 7 at 4. Respondents argue that the petition should be dismissed because, by not appealing the IJ's order, petitioner has not exhausted her administrative remedies under section 1226. ECF No. 7 at 1. Petitioner counters that "requiring exhaustion would not meaningfully

2

develop the record or provide effective relief." ECF No. 10 at 2.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, respondents argue that BIA review is necessary to generate a proper record because "the immigration judge denied bond after full consideration of the evidence presented." ECF No. 7 at 3. This argument, however, does not support the finding that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. The IJ provided a written decision, and respondents do not explain why BIA consideration is necessary to generate a proper record. *See* ECF No. 7-3 at 2; ECF No. 7 at 3. On the contrary, courts have found that where, as here, petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal.

Nov. 20, 2025).

Second, respondents argue that if the court were to relax the exhaustion requirement, petitioner would be allowed to "bypass the administrative scheme under Section 1226." ECF No. 7 at 3-4. I agree and find that "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate her due process rights. *See id.*; ECF No. 10. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, respondents argue that "administrative review would be likely to allow the agency to correct any mistakes and preclude the need for judicial review." ECF No. 7 at 4. I agree because the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)–(ii)). The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* In her opposition to respondents' motion, petitioner only argues that a BIA appeal would not "provide effective relief." *See* ECF

4

No. 10 at 2. Petitioner, however, does not provide any reasoning to support that finding. *See id*. As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not established that her "administrative remedies are inadequate or not efficacious." *See Hernandez*, 872 F.3d at 988. Petitioner therefore has not demonstrated that the court should waive the exhaustion requirement.[1] Accordingly, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondents' motion to dismiss, ECF No. 7, be GRANTED.

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

---

[1] Petitioner alleges in the petition that an appeal to the BIA would be "futile" in light of the BIA's recent decision that "immigration judges lack jurisdiction to conduct bond hearings or grant bond to individuals" detained under 8 U.S.C. § 1225(b). ECF No. 1 ¶¶ 4-6. However, as noted, respondents acknowledge that petitioner is detained under section 1226, and the immigration judge decided petitioner's custody status on the merits. *See* ECF No. 7 at 4; ECF No. 7-3 at 2. Accordingly, to the extent that petitioner still advances this argument, there is no evidence that the BIA would decline to exercise jurisdiction over her appeal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See* *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 21, 2026    

_____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6